IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 13, 2021

## STATE OF TENNESSEE v. DWAQUILLE RAHEEM JABAL

**Appeal from the Circuit Court for Maury County**
No. 18332    Stella L. Hargrove, Judge

_____

## No. M2020-01093-CCA-R3-CD
_____

The defendant, Dwaquille Raheem Jabal, appeals the dismissal of his motion for sentence modification, arguing that he continued to serve his sentence beyond the date he was supposed to be placed on probation and that "[i]t would be inequitable for [him] not to be credited with the probation date that he was given." Upon our review of the record and the applicable law, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and TIMOTHY L. EASTER, JJ., joined.

Dwaquille Raheem Jabal, Coleman, Florida, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; and Brent A. Cooper, District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Facts and Procedural History

On November 20, 2008, the defendant pled guilty to second offense driving under the influence, felony evading arrest, and possession of a weapon with intent to go armed, and the trial court imposed a Range I sentence of two years in confinement with pretrial jail credit from August 29, 2008 to November 21, 2008. Apparently in response to an inquiry by the defendant, the Tennessee Department of Correction sent the defendant a letter dated April 21, 2012, informing him that his sentences in the present case expired on August 25, 2010, while he was in federal custody.

On January 30, 2020, the defendant filed a motion "to modify sentence to one day time served." In his motion, the defendant claimed his term of imprisonment "effectively ended on March 20, 2009," taking into account his completion of various programs in prison, but "bureaucratic confusion delayed [his] official transfer to federal custody until August 13, 2010." He alleged that as a result of the delayed transfer, the Federal Bureau of Prisons refused to give him jail credit for the time he served between his scheduled release on March 20, 2009, and his transfer to federal prison on August 13, 2010. He claimed the "solution . . . is simple and elegant: if this court modifies [his] sentence to either one day time served or to a date certain, March 20, 2009, then the Federal BOP will unwind its post calculations and automatically credit [him] with the time served[.]"

The trial court construed the defendant's motion as a "Motion for Correction." The trial court cited Tennessee Rule of Criminal Procedure 36.1 in its order directing the State to file a response for purposes of determining whether the defendant's motion stated a colorable claim, but there is no indication the trial court construed the defendant's motion as a motion to correct an illegal sentence under Rule 36.1. The record does not contain the State's response. On July 7, 2020, the trial court filed an order dismissing the defendant's motion for lack of jurisdiction. Notice of appeal was filed on August 14, 2020, and the matter is presently before this court.

*Analysis*

On appeal, the defendant argues the trial court erred in dismissing his motion to modify his sentence for lack of jurisdiction. Referencing his pleading in the trial court, the defendant asserts that the trial court should have amended his judgments of conviction to reflect that either he received a sentence of "one day time served," or his sentence expired on March 20, 2009. The State presents a robust and persuasive argument for waiver due to the defendant's untimely filing of his notice of appeal, filing an inadequate brief, and failing to provide an adequate record. However, we need not embark into an analysis of the various reasons the defendant might have waived his claim because it is readily apparent that the trial court properly dismissed the defendant's motion for lack of jurisdiction.

A judgment of conviction becomes final thirty days after its entry unless a timely notice of appeal or post-trial motion is filed. *State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996). Once a judgment becomes final, a trial court loses jurisdiction to amend it except under certain circumstances. *Id.* (citing *State v. Moore*, 814 S.W.2d 381, 382 (Tenn. Crim. App. 1991)); *see* Tenn. R. Crim. P. 35 (motion for reduction of sentence), 36 (correction of clerical errors), 36.1 (correction of illegal sentences). Erroneous judgments that do not fall into the category of either clerical errors or illegal sentences may be

addressed only on direct appeal. *See generally Cantrell v. Easterling*, 346 S.W.3d 445, 449-453 (Tenn. 2011) (distinguishing clerical errors, appealable errors, and fatal errors).

Rule 35 of the Tennessee Rules of Criminal Procedure provides a mechanism for defendants to seek a modification of the sentences imposed against them. The rule states that a "trial court may reduce a sentence upon motion filed within 120 days after the date the sentence is imposed or probation is revoked." Tenn. R. Crim. P. 35(a). Because the defendant's motion was filed outside the 120-day limitations period, the trial court was without jurisdiction to consider the motion under Rule 35.

Under Tennessee Rule of Criminal Procedure 36, "[a]fter giving any notice it considers appropriate, the court may at any time correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission." "Where a trial court fails, by reason of clerical mistake, oversight, or omission, to record a defendant's sentence accurately on a judgment, the trial court maintains the power to correct the clerical error under Rule 36." *State v. Brown*, 479 S.W.3d 200, 213 (Tenn. 2015). The defendant was not entitled to relief under Rule 36 because he did not allege a clerical mistake in his judgments of conviction, but instead was simply asking the trial court to alter his judgments to facilitate a more favorable jail credit calculation by the Federal Bureau of Prisons.

Tennessee Rule of Criminal Procedure 36.1 provides that the appellant "may at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered." Tenn. R. Crim. P. 36.1(a)(1). "A motion to correct an illegal sentence must be filed before the sentence set forth in the judgment order expires." Tenn. R. Crim. P. 36.1(a)(1). A sentence is illegal if it "is not authorized by the applicable statutes or [it] directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2). The defendant was not entitled to relief under Rule 36.1 because his sentence was expired and Rule 36.1 does not authorize relief from expired sentences.

In sum, the defendant's claim involves a jail credit issue that arose more than a decade prior to the filing of his motion. Although the defendant avers he had no way of knowing about the claim because he was in federal custody, he would have been aware of the programs he allegedly participated in while in state custody and of the date he was transferred to federal custody. Moreover, there is no proof of the defendant's participation in any programs entitling him to sentencing credit, and the April 21, 2012 letter from the Tennessee Department of Correction informed the defendant that his sentence expired on August 25, 2010. The defendant's judgments of conviction were final, and he was not entitled to relief under Tennessee Rules of Criminal Procedure 35, 36, or 36.1. Therefore,

the trial court properly dismissed the defendant's motion to modify his sentence for lack of jurisdiction.

## *Conclusion*

Based on the foregoing reasoning and authorities, we affirm the judgment of the trial court.

_____
J. ROSS DYER, JUDGE